UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:24-cv-00216-MR-WCM

| CHAD METZGER, | ) |
|---|---|
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) ORDER |
| | ) |
| | ) |
| WILLIAM RANDALL, et al. | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**THIS MATTER** is before the Court on initial review of Plaintiff's pro se Amended Complaint [Doc. 3] and on Plaintiff's Application to Proceed Without Prepayment of Fees or Costs [Doc. 2].

**I.    BACKGROUND**

On August 21, 2024, pro se Plaintiff Chad Metzger ("Plaintiff") filed this action pursuant to 42 U.S.C. § 1983 against Defendants William Randall and Kevin Bryson, both identified as Swain County Sheriff's Office Deputies, in their official capacities.[1]  [Doc. 1].  In his Amended Complaint, Plaintiff alleges that the following occurred on February 6, 2023, at approximately 1:30 p.m. at the BJ's Quick Stop in Swain County, North Carolina:

---

[1] Before the Court conducted its initial review, Plaintiff filed an Amended Complaint against these same Defendants, again in their official capacities only.  [Doc. 3].

> Traffic came to complete stop no traffic signal or stop sign present, I was questioned along with [illegible] people about Identification, I ask about probable cause Deputy Randall stated none, I decilined release of surredering any information with recording and let deputy Randall know, I was recording incadent. Sgt Kevin Bryson witnessed all of it.

[Id. at 4 (errors uncorrected)].

Although Plaintiff does not allege having been arrested during the incident, he complains that "being placed in handcuffs really affect sevire neck pain."[2] [Id. at 5 (errors uncorrected)]. He alleges having to surrender property that he was buying in Swain County, that he posted "exsive bond's and impound fees," and that he lost "a couple of gigs from the lie's and slander from these enforcement agents with zero crime committed." [Id. at (errors uncorrected)].

Plaintiff seeks "punitive relief" and "proper training" and asks the Court to "hold these Actions Accountable to the fullest extent of the law." [Id.]. Plaintiff alleges violation of his rights under the Fourth, Fifth, Eighth, Ninth, and Fourteenth Amendments.[3] [Id. at 3].

---

[2] Because Plaintiff does not appear to be currently detained [see Doc. 1-1], the Court assumes for the purpose of initial review that any charges brought against Plaintiff during or as a result of the alleged incident are no longer pending.

[3] The Court will address only those claims fairly raised by Plaintiff's Complaint.

2

Case 1:24-cv-00216-MR-WCM   Document 4   Filed 09/03/24   Page 2 of 11

## II. MOTION TO PROCEED IN FORMA PAUPERIS

The Court first addresses Plaintiff's motion to proceed in forma pauperis. Plaintiff's affidavit shows that he has no income. [Doc. 2 at 1-2]. Plaintiff reports that he currently has no cash, no money in any bank account, and that no one relies on him for support. [Id. at 2-3]. Plaintiff's reports that his only asset is a 2004 Chevy Silverado to which he fails to assign a value. [Id. at 3]. Plaintiff reports having $850.00 in monthly expenses and that he is unable to pay for the cost of these proceedings because of "neck injuries." [Id. at 4-5]. The Court is satisfied that Plaintiff does not have sufficient funds to pay the filing fee. The Court will, therefore, allow the motion and permit Plaintiff to proceed in forma pauperis for the limited purpose of this Court's initial review.

## III. STANDARD OF REVIEW

Because Plaintiff is proceeding pro se, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any

3

Case 1:24-cv-00216-MR-WCM   Document 4   Filed 09/03/24   Page 3 of 11

portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## IV. DISCUSSION

Plaintiff's Complaint fails initial review for several reasons.

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166, 143 S.Ct. 1444 (2023).

The Fourth Amendment protects "[t]he right of the people to be secure in their persons ... against unreasonable searches and seizures." U.S. CONST. amend. IV. "The applicability of the Fourth Amendment turns on whether 'the person invoking its protection can claim a justifiable, a reasonable, or a legitimate expectation of privacy that has been invaded by government action.'" King v. Rubenstein, 825 F.3d 206, 214 (2016) (quoting Hudson v. Palmer, 468 U.S. 517, 525, 104 S.Ct. 3194 (1984) (internal quotations omitted)). An arrest is a seizure under the Fourth Amendment, and such a seizure is reasonable only if based on probable cause. Wilson v. Kittoe, 337 F.3d 392, 398 (4th Cir. 2003). Probable cause to justify an arrest means "facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." Michigan v. DeFillippo, 443 U.S. 31, 37 (1979). Whether probable cause exists must be determined "in the light of all of the surrounding circumstances." Porterfield v. Lott, 156 F.3d 563, 569 (4th Cir. 1998). To state a cognizable § 1983 claim for false arrest, a plaintiff must allege that law enforcement officers arrested him without probable cause. See Pleasants v. Town of Louisa, 524 F. App'x 891, 897 (4th Cir. 2013). Damages for a false arrest claim covers the time of the

detention up until issuance of process or arraignment. Heck, 512 U.S. at 484.

Suits against an officer in his official capacity "generally represent only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165, 105 S.Ct. 3099 (1985) (1985) (quoting Monell v Dep't of Soc. Servs. of the City of New York, 436 U.S. 658, 690 n. 55, 98 S.Ct. 2018, 2035 (1978)). The Office of Sheriff is not liable under § 1983 for an employee's acts "unless action pursuant to official municipal policy of some nature caused [the] constitutional tort." Collins v. City of Harker Heights, 503 U.S. 115, 120-21, 112 S.Ct. 1061, 1066 (quoting Monell, 436 U.S. at 691, 98 S.Ct. at 2036). That is, "[f]or a governmental entity to be liable under section 1983, the official policy must be the moving force of the constitutional violation." Moore v. City of Creedmoor, 345 N.C. 356, 366, 481 S.E.2d 14, 21 (1997) (internal quotation marks and citations omitted). "Thus, the entity's 'policy or custom' must have played a part in the violation of federal law." Id. (quoting Monell, 436 U.S. 658, 694, 98 S.Ct. at 2037-38).

Plaintiff here purports to sue Defendants Randall and Bryson, who he identifies as Swain County Sheriff's Office Deputies, in their official capacities only. Plaintiff, however, does not allege that any official policy

was the moving force behind or otherwise played a part in any constitutional violation. Plaintiff's Complaint, therefore, is subject to dismissal on this ground alone.

Even if Plaintiff had sued Defendants in their individual capacities, his allegations are too vague and conclusory to satisfy the most basic pleading requirements. See Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim). Plaintiff alleges only that traffic came to a stop outside of BJ's Quick Stop in Swain County, that he was "questioned" about identification, that he asked about probable cause and Defendant Randall "stated none," and that Plaintiff declined to provide any information. Even if the Court infers from Plaintiff's other allegations that he was arrested, these bare allegations are insufficient to show that Plaintiff is entitled to relief.

Even if Plaintiff had stated a Fourth Amendment claim, it appears that it may be barred by Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the United States Supreme Court held as follows:

7

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. <u>A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.</u> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

<u>Id.</u> at 486-87 (footnotes omitted; emphasis added). Here, given that Plaintiff appears to allege that he was searched and/or arrested without probable cause, a judgment in Plaintiff's favor would necessarily imply the invalidity of the conviction and sentence in the underlying criminal matter. Plaintiff, however, does not allege that the conviction has been reversed or otherwise invalidated. Plaintiff's Complaint, therefore, may be also barred by <u>Heck</u>.

Finally, Plaintiff has failed to allege any personal participation by Defendant Bryson. To establish liability under 42 U.S.C. § 1983, a plaintiff "must affirmatively show that the official charged acted personally in the deprivation of [his] rights." Williamson v. Stirling, 912 F.3d 154, 171 (4th Cir. 2018) (cleaned up); see Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (citation omitted). Mere knowledge of a deprivation is insufficient. Williamson, 912 F.3d at 171. The Court, therefore, will dismiss Defendant Bryson as a Defendant in this matter.

Because Plaintiff has failed to state a claim for relief, Plaintiff's Complaint fails initial review, and the Court will dismiss it without prejudice. The Court, however, will allow Plaintiff to amend his Complaint to state a claim for relief.

## V. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Complaint fails initial review and will be dismissed without prejudice. The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted in accordance with the terms of this Order. Any amended complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted. Should Plaintiff fail

to timely amend his Complaint in accordance with this Order, the Court will dismiss this action without prejudice.

## **ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint fails initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B) for Plaintiff's failure to state a claim for relief and shall be **DISMISSED WITHOUT PREJUDICE** in accordance with the terms of this Order.

**IT IS FURTHER ORDERED** that Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to so amend his Complaint, the matter will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Application to Proceed in Forma Pauperis [Doc. 2] is **GRANTED** in accordance with the terms of this Order.

**IT IS FURTHER ORDERED** that Defendant Bryson is hereby **DISMISSED** as a Defendant in this matter.

The Clerk is respectfully instructed to mail Plaintiff a blank prisoner § 1983 form.

**IT IS SO ORDERED.**  Signed: September 2, 2024

Martin Reidinger
Chief United States District Judge