Case No 23-CR-228575

# In The United States Court of Appeals for the Fourth Circuit

State of North Carolina
Deputy Randall, William, Riley for Swain County Sheriffs Dpt
Deputy Bryson, Kevin, David for Swain County Sheriffs Dpt
plaintiffs appelles,

Metzger, Chad, Everett
Appellant

on Appeal from United States Court of Appeals of North Carolina

## Brief of Appellant

Certificate of Interested Persons

(1) Deputy Randall, William, Riley
Deputy Bryson, Kevin, David

(2) Defendants Appellant
Metzger, Chad, Everett

Statement Regarding Oral Argument
Defendant-Appellant Metzger, Chad, Everett Requests

pg 1

§101(a) argument as he believes it could significantly aid the decisional process in this case.

4) The District Court Erred When it Denied Metzger's Motion to Dismiss

   A. Deputy Did Arrest Defendant Metzger

   B. Plaintiff's Claims are Based on an Erroneous understanding of Probable Cause...

   C. Frank's Claims are Limited after a search and Seizure have taken place

1. Defendant Metzger did plead Sufficient facts to state a Franks Claim against Deputy Randall and Deputy Bryson on record at time of Trial Court.

2. Metzgers Provision of General Criteria Does Constitue a Franks Claim

3. Multipule witnesses Found that Probable cause existed to Arrest.

4. Plaintiffs did Plead Material that noted No probable cause

4. 9 Engaging in Organized Criminal Activies offence

B. Plaintiff Admitted to Facts witch Establish no problable Cause

C. The Alleged Falsehoods and/or Omission Identifi by plaintiffs Do Not Undermine the validity of probable Cause in the warrent Affidait

6. Defendant in additional Step to Establish a Franks claim

7. Defendant Seeks a Broad Fourth Amendment Rule.

8. Deputy Randall and Deputy Bryson Do Not Entitled to Qualified Immunity acting Under color of law and are subjected 1983 civil Rights violation.

D. The District Court erred in finding probable Cause

A. The District Court erred in evidance retaind by Deputy Randall and Deputy Bryson fruit by a poisined tree.

## Issue Presented

This qualified immunity appeal rasies questions the application of probable cause

1. Plaintiffs Allegations Against Metzger are Sufficient To Establish a Constitutional Violation or a Violation of Clearly Esablished Law

   A. Have Plaintiffs alleged a sufficient factual basis to support a claim

   B. Was it clearly estibished on Feburary 6, 202? That law enforcement officers are Prohibitied from arresting a member of the public, Some of whom had Observed Publicly commiting a crime. unless the officers can identify specific unlawful#l acts Attributable to the specific Individual

   C. Can Plaintiffs identify controlling authority establishing beyond debate that their arrests were clearly lawful?

2. Qualified Immunity from plaintiffs 2 remaing Claims

   A. Is Randall and Bryson entitled to immunity from Defanants Franks claim?

   1. Have Plaintiffs alleged a sufficient factual basis to support a claim that Randall signed and presented to a magistrate which caused them to be arrested?

pg. 4

B. Defendants Franks Claim

Randall and Bryson is not entitled to Qualified immunity from Defendants claim because Randall is a signer, presented, provided or omitter. He did sign an affidavit. He did not provide false factual information in affidavit, He did ommit material information. These facts were supplied by law enforcement

## Argument

1. Standard of review
   A denial of motion to dismiss is subjected to de novo review.

2. Motion to dismiss Standard
   A plaintiffs must plead suffient factual matter, accepted as true,

3. A plaintiff must allege sufficient facts to create more than a mere possibility that a defendant has acted unlawfully. A court is not bound to accept legal conclusions couched as factual allegations. It need only accept as true the well pleaded facts. A complaint must state specific facts, to support the claim.

2. Probable Cause

To determine whether an officer had probable cause for an arrest, courts examine the events leading up to an arrest and then decide whether these historical facts viewed from the standpoint

of an objectively reasonable Police Officer amount to probable cause. In doing so, facts must not be viewed in isolation, but should be seen as factors in the totality of circumstances, which requires the court to look at the "Whole Picture". Because Probable Cause deals with probabilities and depends on the totality of the circumstances. It ~~any~~ fluid concept that is not readily or even useful, reduced to a neat set of legal rules. Probable cause is not a high bar.

## 3. Qualified Immunity

Government officals are protect from suit and liability by qualified immuntiy unless their alleged conduct (1) violated a contitutional or statuetory right; and (2) the illegality of the alleged conduct was clearly established at the Time. The time "clearly established" means that at the time the officals conduct, the law was sufficiently clear that every reasonable offical would understand that what he is doing is unlawful. Existing laws must have placed the constitutionality of the officals conduct beyond debate. This demanding standard means that qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law. The specificity of the rule is "especially important" in the Forth Amendment context. probable cause is incapable of precise definition or quantification into porcentages. Existing precedent must  the lawfulness of particular arrest "beyond debate".

The issue with respect to qualified immunity in this case as follows: Was it clearly established on Feb 6, 2023 that law enforcement officers are prohibited from arresting a member of the public, observed Not committing Crime or a serious offense in public, unless the officer can identify specific unlawful acts attributable to the specific individual who is being arrested, an have a affirmative answer to that question, then defendants are required to identify "Controlling authority" indicating "beyond doubt" that such an arrest under those circumstances was clearly prohibited it is not @ Defendants.

## The District Court Erred when it Denied Metzger's motion to Dismiss

A. Defendant argues that, for probable Cause to exist, there must be a showing of facts particularized to an individual.

B. When analyzing probable Cause a court is required to look at all circumstances leading to arrest, to make reasonable inferences from facts in doing so and to decide whether those circumstances would lead an objectively reasonable officer to believe that probable Cause existed.

1. Franks claim are Limited

A Franks claim can only be brought against signers, presenters, providers or omitters. Signers are officials who sign a false warrent affidavit, presenters are officials who present a false warrent affidavit to a magistrate

"providers" are officials who knowingly, intentionally or with reckless disregard for the truth, provide materially false statements of fact for use in a affidavit in support of a person arrested. Omitters are officials who knowingly, intentionally or with reckless disregard for the truth, omit material informat which, if provided magistrate, would eliminate probable cause

A Franks violation occurs when an officer signs or presents a warrent affidavit to the magistrate Knowingly, intentionally, or with reckless disregard for the truth and warrent is unsupported by probable cause.

2. record will clearly show facts to support Franks claim constitutes a clear violation of Federal law.

3. officer Bryson clearly on record that he was in charge of Engaging in Organized Criminal Activity, officer Randall working along with himself in the Organized Crinal activity

Plaintiffs Admitted facts Which Estabishes No Probable Cause.

Final arguement

Igorance of law do constitue a Franks violation under the forth Amendment. Igorance of the law do not negate the Validity of probable cause Plaintiffs knowledge of preplanned Organized Crime or do not defeat probable cause exsitance.

The record of the Trial District court that error acured, with unsupported facts. Acted Bias to the facts presented on 4/15/2023.

Defendant seek a Broad Forth Amendment Rule under Franks motion and Defendant pray's that appalant court revese trial court desion and enforces Franks motion and finds that this is Clear Forth Amendment violation and applies punitive damages, also removing the Quallified Immunty and holding both officers Randall and Bryson guilty of the Franks motion accountable for the organized unlawfull acts. ponisuble under 1983 violation of Rights under color of law. Defendant Metzger-appealant Prays that your honor will do what is demeened Right and just. Defenant Metzger prays for the claim a 1983 conspiracy does exist.

# Certificate of Service

I certify that a true, correct copy of attached documents was certified mailed to all parties list of record accordance. hand deliverd to clerk of District Court. Certified mailed to Attorney General

114 W Edenton St. Raleigh N.C. 27603

1 W. Morgan St. Raleigh N.C. 27601