UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:24-cv-00216-MR-WCM

| CHAD METZGER, | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) ORDER |
| WILLIAM RANDALL, et al. | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on initial review of Plaintiff's pro se Second Amended Complaint [Doc. 5] pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

On August 21, 2024, pro se Plaintiff Chad Metzger ("Plaintiff") filed this action pursuant to 42 U.S.C. § 1983 against Defendants William Randall and Kevin Bryson, both identified as Swain County Sheriff's Office Deputies, in their official capacities only. [Doc. 1; Doc. 3: Amended Complaint[1]]. Plaintiff alleged that, on February 6, 2023, after traffic came to a complete stop in front of the BJ's Quick Stop in Swain County, North Carolina, he was questioned about identification. Plaintiff asked about probable cause, and

---

[1] Plaintiff filed an Amended Complaint in this matter before the Court conducted its initial review of his Complaint.

Defendant Randall "stated none." Plaintiff declined to provide any information and told Defendant Randall that he was recording the incident. [Doc. 3 at 4]. Plaintiff claimed that Defendants violated his rights under the Fourth, Fifth, Eighth, Ninth, and Fourteenth Amendments. [Id. at 3]. Plaintiff's Amended Complaint failed initial review under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for Plaintiff's failure to state a claim for relief. [Doc. 4]. The Court concluded that Plaintiff failed to state an official capacity claim because he did not allege "that any official policy was the moving force behind or otherwise played a part in any constitutional violation." [Id. at 6-7]. The Court noted that, even if Plaintiff had sued Defendants in their individual capacities, his allegations were too vague and conclusory to state a claim for relief. [Id. at 7]. The Court also noted that it appeared that, even if Plaintiff had stated a Fourth Amendment claim, it may be barred by Heck v. Humphrey, 512 U.S. 477 (1994), in any event. [Id. at 7-8]. Finally, the Court noted that Plaintiff failed to allege any personal participation by Defendant Bryson and dismissed him as a Defendant on these grounds. [Id. at 9].

The Court allowed Plaintiff 30 days to amend his Complaint to properly state a claim for relief in accordance with the Court's Order or the Court would dismiss this action without prejudice and without further notice to Plaintiff. [Id. at 9-10].

Plaintiff timely filed a Second Amended Complaint, which is now before the Court on initial review. [Doc. 5]. In his Second Amended Complaint, Plaintiff names Defendant Randall in his official capacity only as the sole Defendant. [Id. at 2]. Plaintiff alleges that on February 6, 2023, at approximately 1:30 p.m., in front of the BJ's Quick Stop in Swain County, North Carolina:

> Deputy Randall Standing in road stop all traffic. I asked him his probable causes he stated None. I refused answer any more questions Also let him know I was recording incedent Sgt Kevin Bryson witnessed it all This all has been reveased on Direct Appeal Case # 23-CR-228575 Record will indecate no probable cause on record of trail, Record will also Show Sgt Bryson Said planner of planned event.

[Id. at 4 (errors uncorrected)]. Plaintiff further alleges that Sergeant Bryson was the supervisor on duty and "planned said plan event" with Defendant Randall. [Id. at 5]. Plaintiff also alleges that "[t]he dentention and interrogation of Plaintiff by Defendants was conducted pursuant to a policy, practice, or custom that violates the Forth Amendment" and that his state criminal case "[h]as been reversed on Direct Appeal. Attached Appeal paperword."[2] [Id. (errors uncorrected)].

---

[2] Attached to his Amended Complaint is a "Brief of Appellant" directed to the United States Court of Appeals for the Fourth Circuit. [See Doc. 5-2]. In this purported brief, Plaintiff argues that the District Court erred in denying Plaintiff's motion to dismiss. It appears that Plaintiff adapted this brief from a proceeding or sample that has little in common with the factual or procedural history of the instant case. The Court, therefore, will disregard

Plaintiff attaches records from his state criminal proceeding to his Second Amended Complaint. [See Doc. 5-1 at 1-5]. These records reflect that, on February 6, 2023, in Swain County, Plaintiff was charged with failure to produce his license, driving while his license was revoked, resisting a public officer, and carrying a concealed weapon. [Doc. 5-1 at 1]. These records also show that Plaintiff was released from custody the same day on $5,000 bond; that, on August 15, 2023, he failed to appear in these proceedings; and that an order for his arrest was issued on August 16, 2023. [Id. at 2]. Among other things, the Order for Arrest stated that Plaintiff "[f]ailed to produce identification and prevented operation of planned event. At the time, the officer was discharging and attempting to discharge an official duty by planned event." [Id. at 4].

Plaintiff again claims that Defendant Randall violated his rights under the Fourth, Fifth, Eighth, Ninth, and Fourteenth Amendment in this matter.[3] [Id. at 3]. For injuries, Plaintiff alleges exacerbation of prior neck injury from placement in handcuffs, as well as mental anguish from "these oppressors hand on gun screming unlawfull comands." [Id. at 5 (errors uncorrected)]. Plaintiff seeks injunctive and monetary relief. [Id. at 6].

---

it.

[3] The Court will address only those claims fairly raised by Plaintiff's allegations.

## III. STANDARD OF REVIEW

Because Plaintiff is proceeding pro se, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## IV. DISCUSSION

Plaintiff's Complaint fails initial review for several reasons.

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166, 143 S.Ct. 1444 (2023).

The Fourth Amendment protects "[t]he right of the people to be secure in their persons ... against unreasonable searches and seizures." U.S. CONST. amend. IV. "The applicability of the Fourth Amendment turns on whether 'the person invoking its protection can claim a justifiable, a reasonable, or a legitimate expectation of privacy that has been invaded by government action.'" King v. Rubenstein, 825 F.3d 206, 214 (2016) (quoting Hudson v. Palmer, 468 U.S. 517, 525, 104 S.Ct. 3194 (1984) (internal quotations omitted)). An arrest is a seizure under the Fourth Amendment, and such a seizure is reasonable only if based on probable cause. Wilson v. Kittoe, 337 F.3d 392, 398 (4th Cir. 2003). Probable cause to justify an arrest means "facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in

believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." Michigan v. DeFillippo, 443 U.S. 31, 37 (1979). Whether probable cause exists must be determined "in the light of all of the surrounding circumstances." Porterfield v. Lott, 156 F.3d 563, 569 (4th Cir. 1998). To state a cognizable § 1983 claim for false arrest, a plaintiff must allege that law enforcement officers arrested him without probable cause. See Pleasants v. Town of Louisa, 524 F. App'x 891, 897 (4th Cir. 2013). Damages for a false arrest claim covers the time of the detention up until issuance of process or arraignment. Heck, 512 U.S. at 484.

"It is well established that when police stop an automobile, even if only for a limited purpose and for a brief period, they have seized the occupants of that vehicle within the meaning of the Fourth Amendment." United States v. Moore, 952 F.3d 186, 190 (4th Cir. 2020) (citation omitted). "[T]he Supreme Court has recognized 'certain limited circumstances where suspicionless [vehicle] stops are permissible[.]'" Id. (quoting United States v. Wilson, 205 F.3d 720, 723 (4th Cir. 2000) (en banc)). "Of particular relevance here, the Supreme Court has suggested, and lower courts have concluded, that checkpoints conducted for the limited purposes of checking driver's licenses and motor vehicle registrations are constitutionally

7

permissible." Id. (citations omitted).

Suits against an officer in his official capacity "generally represent only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165, 105 S.Ct. 3099 (1985) (1985) (quoting Monell v Dep't of Soc. Servs. of the City of New York, 436 U.S. 658, 690 n. 55, 98 S.Ct. 2018, 2035 (1978)). The Office of Sheriff is not liable under § 1983 for an employee's acts "unless action pursuant to official municipal policy of some nature caused [the] constitutional tort." Collins v. City of Harker Heights, 503 U.S. 115, 120-21, 112 S.Ct. 1061, 1066 (quoting Monell, 436 U.S. at 691, 98 S.Ct. at 2036). That is, "[f]or a governmental entity to be liable under section 1983, the official policy must be the moving force of the constitutional violation." Moore v. City of Creedmoor, 345 N.C. 356, 366, 481 S.E.2d 14, 21 (1997) (internal quotation marks and citations omitted). "Thus, the entity's 'policy or custom' must have played a part in the violation of federal law." Id. (quoting Monell, 436 U.S. 658, 694, 98 S.Ct. at 2037-38).

Plaintiff again sues Defendant Randall, who he identifies as a Swain County Sheriff's Office Deputy, in his official capacity only. In this regard, Plaintiff baldly alleges that Defendant's interrogation and detention of Plaintiff "was conducted pursuant to a policy, practice, or custom that violates the

8

Case 1:24-cv-00216-MR-WCM   Document 6   Filed 10/04/24   Page 8 of 12

Fourth Amendment." [Doc. 5 at 5]. This allegation is too vague and conclusory to satisfy the most basic pleading requirements. See Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim). Plaintiff's Complaint, therefore, is subject to dismissal on this ground alone.

Even if Plaintiff had sued Defendant Randall in his individual capacity, he has failed to state a claim under the Fourth Amendment. Plaintiff's Complaint, including his exhibits, show that Plaintiff was apparently stopped as part of a routine traffic checkpoint planned and authorized by Deputy Bryson, and that Plaintiff refused to produce his license to Defendant Randall. Defendant Randall did not need probable cause to request Plaintiff's identification at such a traffic checkpoint. See Moore, 952 F.3d at 190; United States v. Henson, 351 Fed. App'x 818, 819 (4th Cir. 2009) (upholding constitutionality of checkpoint designed to "promote traffic safety by allowing police to check drivers' licenses and vehicle registration" which led to passenger's arrest for being a felon-in-possession of a firearm and the

9

Case 1:24-cv-00216-MR-WCM    Document 6    Filed 10/04/24    Page 9 of 12

driver's citation for failing to produce a driver's license). Moreover, Plaintiff's subsequent refusal to produce his license and resisting a public officer and apparently driving with a revoked license justified his continued detention and arrest. See Stout v. Johnson, No. 3:22cv287, 2022 WL 4181720, at *2-*3 (4th Cir. Aug. 26, 2022) (dismissing Plaintiff's pro se Complaint alleging Fourth Amendment violation for failure to state a claim for relief where Plaintiff was stopped at a license checkpoint, refused to produce his license, and was charged with failing to carry his license and obstructing justice).

As before, even if Plaintiff had stated a Fourth Amendment claim, he has failed to show that it is not barred by Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the United States Supreme Court held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. <u>A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.</u> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can

> demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Id. at 486-87 (footnotes omitted; emphasis added). On initial review of Plaintiff's Amended Complaint, the Court admonished Plaintiff that he failed to allege that his conviction had been reversed or otherwise invalidated and, therefore, his claims appeared barred by Heck. [Doc. 4 at 8]. Plaintiff now alleges that his state court case was "reversed on Direct Appeal" and attaches a purported appellate brief which clearly has no relation to any state court appeal. Moreover, the state court records Plaintiff attaches to his Complaint show only that he was released on bond, that he failed to appear for his scheduled court date, and that a warrant was issued for his arrest. The Court cannot conclude from these materials that Plaintiff's conviction has been reversed or invalidated. Thus, it remains to appear that his claims are barred by Heck.

Because Plaintiff failed to amend his Complaint in accordance with the Court's Order and has otherwise properly failed to state a claim for relief, the Court will dismiss this action with prejudice. See Green v. Wells Fargo Bank, N.A., 790 Fed. App'x 535, 536 (4th Cir. 2020).

11

Case 1:24-cv-00216-MR-WCM   Document 6   Filed 10/04/24   Page 11 of 12

## IV. CONCLUSION

For the reasons stated herein, the Court will dismiss Plaintiff's Second Amended Complaint with prejudice.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Second Amended Complaint [Doc. 5] is **DISMISSED with prejudice** in accordance with the terms of this Order for Plaintiff's failure to state a claim for relief.

The Clerk is respectfully instructed to terminate this action.

**IT IS SO ORDERED**.

Signed: October 4, 2024

Martin Reidinger
Chief United States District Judge